■ In the Matter of the VILLAGE OF HILTON, Petitioner, v. TOWN OF PARMA, Respondent.— Judgment unanimously granted in favor of petitioner that the proposed annexation is in the over-all public interest, without costs. Memorandum: After receiving the report of the Referees and hearing oral arguments thereon, we adopt and confirm as our adjudication and determination the findings of fact and conclusions of law contained in the report. (Motion to confirm Report of Referees Dye, Brasser and O'Mara, JJ., and for judgment pursuant to General Municipal Law, § 712.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ PETER DOHR CONSTRUCTION CO., INC., Appellant, v. MERCURY DEVELOPMENT CORP., Respondent.— Order unanimously affirmed, with costs. Memorandum: It may well be that in denying the motion for summary judgment without stating the reasons therefor, Special Term felt that the contract was ambiguous and a trial was neccessary to receive evidence which would make clear the intention of the parties (*Spencer* v. *Childs*, 1 N Y 2d 103, 107; *Lachs* v. *Fidelity & Cas. Co.*, 306 N. Y. 357, 364). We would also like to point out that in an action for specific performance with abatement, a judgment for the plaintiff may be denied if the vendee had knowledge of the unremovable incumbrance at the time of execution of the contract (49 Am. Jur., Specific Performance, § 106). Proof of such knowledge would be admissible on trial, not as varying the terms of the contract, but as establishing the conditions existing at the time of execution relevant to whether the equitable remedy should be denied (*Warren* v. *Hall*, 41 Hun 466). (Appeal from order of Monroe Special Term denying plaintiff's motion for summary judgment, in an action for specific performance.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.